THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ALEXANDER R., individually and on behalf of K.R., a minor,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY and UNITED BEHAVIORAL HEALTH,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:25-cv-00744-HCN-JCB<br><br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

District Judge Howard C. Nielson, Jr. referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is a motion to proceed anonymously filed by Alexander R., individually and on behalf of K.R., a minor.[2] For the reasons explained below, the court grants the motion.

## BACKGROUND

This case concerns Defendants' denial of health insurance benefits for K.R.'s care.[3] Alexander R.'s complaint provides a detailed account of the struggles K.R. went through as a minor, including anxiety, depression, various other mood disorders (such as cyclothymic

---

[1] ECF No. 4.

[2] ECF No. 7.

[3] *See generally* ECF No. 1.

disorder), poor emotional regulation, self-harm, and gender dysphoria.[4] Alexander R. presented extensive evidence from K.R.'s medical records—including sensitive and personal information about K.R.'s mental health history as a minor—in support of appeals asserting that K.R.'s care at Elevations should have been covered by Defendants.[5]

## LEGAL STANDARDS

Under Fed. R. Civ. P. 10, "[t]he title of the complaint must name all the parties."[6] With respect to minors, however, Fed. R. Civ. P. 5.2 provides that they must be named by initials unless the court orders otherwise.[7] No provision in the Federal Rules of Civil Procedure permits "suits by persons using fictitious names" or "anonymous plaintiffs."[8] However, "exceptional circumstances" may warrant "some form of anonymity in judicial proceedings."[9] Exceptional circumstances include those cases "involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."[10] In deciding whether to preserve anonymity, the court weighs any exceptional circumstances against the public's interest in access to legal proceedings.[11] Courts enjoy "discretion [in] allow[ing] a plaintiff to proceed using a

---

[4] *See generally id*.

[5] *See generally id*.

[6] Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 17(a).

[7] Fed. R. Civ. P. 5.2(a)(3).

[8] *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).

[9] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

[10] *Id*. (quotations and citation omitted).

[11] *Id*.

pseudonym."[12] If a court grants permission for plaintiffs to proceed anonymously, "it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter."[13] When no permission is granted, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."[14]

ANALYSIS

The court grants Alexander R.'s motion to proceed anonymously because this case implicates "exceptional circumstances" the Tenth Circuit and Rule 5.2 recognize as warranting anonymity. Several reasons weigh in favor of protecting Alexander R.'s and K.R.'s identities in this case. The court takes each in turn.

First, the medical records in this case refer to K.R.'s struggles before the age of 18. Rule 5.2(a)(3) requires litigants to protect the identity of a minor by using only the minor's initials when filing pleadings. Accordingly, Alexander R. filed the complaint in this case using K.R.'s initials to protect K.R.'s identity. Even if K.R. is no longer under the age of 18, courts recognize the appropriateness of preventing the names of minors from being disclosed past the date they reach majority, particularly where they may be burdened in adulthood by their actions as minors.[15] Although K.R.'s father, Alexander R., was not a minor at any relevant time, disclosure

---

[12] *U.S. Dep't of Just. v. Utah Dep't of Com.*, No. 2:16-cv-00611-DN-DBP, 2017 WL 963203, at *1 (D. Utah Mar. 10, 2007) (citing *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)).

[13] *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).

[14] *Id.* (quotations and citation omitted).

[15] *See, e.g.*, *N.E. v. Blue Cross Blue Shield of N.C.*, No. 1:21CV684, 2023 WL 2696834, at *15 (M.D.N.C. Feb. 24, 2023) (providing, in another ERISA case concerning mental health care, that

of Alexander R.'s full name would have the impact of revealing K.R.'s identity and thus would violate the spirit of Rule 5.2(a)(3) and the policies preventing disclosure of records relating to minors.[16]

Second, a substantial portion of the record in this case is comprised of K.R.'s protected health information and records relating to K.R.'s treatment. Even absent any discussion of K.R.'s age, those records are protected from public disclosure by HIPAA.[17] Moreover, highly sensitive and personal medical issues experienced by K.R. constitute an "exceptional circumstance" that weighs against the disclosure of Alexander R.'s and K.R.'s identities.

Finally, Alexander R.'s and K.R.'s identities are known to Defendants, as Defendants insured Alexander R. and K.R. and administered the coverage for the insurance plan. Consequently, allowing Alexander R. and K.R. to proceed anonymously does not prejudice Defendants.

In sum, the public interest in access to Alexander R.'s and K.R.'s identities appears relatively limited compared to the interest in protecting Alexander R.'s and K.R.'s identities and

---

"although [the plaintiff] is no longer a minor, [he] was a minor when the facts underlying this case occurred, which also weighs in favor of protecting his identity and by extension, [his parent's] identity"); *Doe v. USD No. 237*, No. 16-cv-2801-JWL-TJJ, 2017 WL 3839416, *11 (D. Kan. Sept. 1, 2017) (concluding that "[t]he fact that Doe was a minor at all times material to the allegations of the complaint is at the forefront of the [c]ourt's analysis" when considering whether Doe should be allowed to proceed anonymously).

[16] *See, e.g.*, *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018) (concluding that although adult parents do not enjoy a heightened privacy interest themselves, a child "and his parents share common privacy interests based on their inseparable relationship to one another" and that "[o]rdering disclosure of the parent[s'] identities" would effectively reveal the child's identity and "place—in effect—personally identifiable and confidential information about the . . . minor in the public record").

[17] 42 U.S.C. § 1320d *et seq.*

matters of a highly sensitive and personal nature. Therefore, the court concludes that Alexander R. and K.R. should be permitted to proceed anonymously.

## ORDER

For the reasons stated above, the court HEREBY ORDERS:

1. Alexander R.'s motion to proceed anonymously[18] is GRANTED.

2. On or before September 25, 2025, Alexander R. must file under seal with the court a document containing Alexander R.'s full name and K.R.'s full name. That filing shall remain under seal unless the court orders otherwise.[19]

IT IS SO ORDERED.

DATED this 11th day of September 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[18] ECF No. 7.

[19] *W.N.J.*, 257 F.3d at 1171 ("If a court grants permission [to proceed anonymously], it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter.").